Roger W. Patton (SBN 51906)
PATTON ♦ WOLAN ♦ BOXER
1999 Harrison Street, Suite 1350
Telephone: (510) 987-7500
Oakland, CA 94612
Telephone: (510-987-7500
Facsimile:  (510) 987-7575

Attorney for Defendant
LAWRENCE MURPHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>LAWRENCE MURPHY,<br><br>              Defendant. | Case No.: CR08 00081-01 DLJ<br><br>**SENTENCING MEMORANDUM** |

## **INTRODUCTION**

One February 22, 2008 the defendant LAWRENCE MURPHY (Murphy) plead guilty pursuant to Rule 11 (c) (1) (c) of the Federal Rules of criminal procedure.  The parties executed a plea agreement with an agreement for deposition of three years probation and eight months home detention and $54,605 in restitution.

The probation officer believes that the level should be 7 pursuant to 2B1.1 (a) (2).  However, based on the U.S.S.G. § 2B1.1 (a) in effect in January, 2003 the level was 6.  The one point additional for offenses with a twenty year maximum was added by later by amendment.  Therefore the level should be 6.  The probation officer in the draft report further found that the criminal history category was II based on three points based on Murphy's prior felony conviction in 2001.

In the final PSR the probation officer changed the category to III and added a point stating that the defendant committed the instant offense less than two years following release from imprisonment for the 2001 felony conviction.  Actually the defendant had completed his work furlough sentence (4 months actual time) more then two years before the instant offense.  Therefore the additional point is not proper.  U.S.S.G. § 4A1.1(e).

## THE OFFENSE

The defendant agreed to a plea agreement after negotiations with the Government prior to the filing of a criminal complaint or indictment.

The offense arose after a fire which originated in a neighbor's business spread to the defendant's family owned business "Della's Waterfront Restaurant" in Alameda.

The Government's evidence of mail fraud was that the defendant and his wife Della Murphy (represented by the Federal Defender) had (now more then five years ago) participated in a scheme to defraud Farmer's Insurance by submitting claims for property loss and business interruption which, in respect to the business interruption loss was inflated by $54,605.

The evidence suggests that the defendant's wife Della Murphy signed the claims and backup and documentation (the defendant's handwriting does not appear on the claims) and the claims were submitted to Farmer's Insurance which paid the $54,605 on May 23, 2003.  The check was deposited

in the business account. The defendant agreed to the plea agreement and the Government agreed not to file charges against Della Murphy.

## 18 U.S.C. § 3553
## SUBMISSIONS

The defendant asserts that all of the business records were destroyed in the fire and the Farmer's claims agent encouraged the defendant and his wife to do "the best they could" to reconstruct their losses.

The defendant has accepted the government loss claim since he is unable to prove otherwise, but since the entire payment for their losses (which included payroll, liquor license, personal property, taxes etc.) was $100,000 the defendant believes the $54,605 loss figure is too high and thus he requests a downward departure (to the agreed upon level in the plea agreement) see U.S.S.G. § 2b1.1, App. Note 16 (B) (effective January 25, 2003) where "the offense level determined under [2B1.1] substantially overstates the seriousness of the offense…a downward departure may be warranted". U.S. v. Oligmuella, 198 F.3d 669 (8th Cir. 1999)

The plea agreement should also be upheld to allow the defendant to make restitution. The defendant is employed as an I.T. Consultant with Vic Carr in San Francisco and if imprisoned would lose his ability to make restitution. U.S. v. Blackburn 105 F. Supp. 2d 1067 (D.S.D. 2000

As already noted the defendant agreed to the plea agreement and plead guilty and accepted responsibility prior to the filing of an information or indictment. Therefore the defendant manifested a very early acceptance of responsibility and requests a downward departure to the plea agreement level. U.S. v. Brown 985 F. 2d 478, 482-83 (9th Cir. 1993)

The very early agreement to plead also saved judicial resources and facilitated the administration of justice. U.S. v. Dethlefs, 123 F. 3d 39 (1st Cir. 1997)

Finally the totality of the circumstances justify a departure to the plea agreement level since the defendant lost his business and all of his records and the claim was submitted on advice from Farmer's claim agent to submit a claim "doing the best they could" to reconstruct their losses which did have business interruption loss.

## CONCLUSION

The defendant LAWRENCE MURPHY plead guilty pursuant to Rule 11 (c) (1) (c) FRCP accepting a plea agreement in good faith that he hopes will resolve the case. The defendant respectfully requests that the Court sentence him pursuant to the plea agreement.

Dated: June 2, 2008                    Respectfully submitted,

                                       PATTON ♦ WOLAN ♦ CARLISE, LLP


                                        /// s ///                        ,
                                       ROGER W. PATTON, ESQ.
                                       Attorney for Lawrence Murphy